IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MISTY N.**
*on behalf of*
**ANDRES FRANCISCO G.**,

    **Plaintiff,**

v.                                                                                              No. 24-cv-00838 JHR

**MARTIN O'MALLEY**,
*Commissioner of Social Security*,

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [DOC. 2]**

    This matter is before the Court on Plaintiff Misty N.'s Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], filed August 22, 2024. Having reviewed the application and the relevant law, it is hereby recommended that Plaintiff's request to proceed in forma pauperis be denied.

                      I.      **BACKGROUND**

    Plaintiff, on behalf of Andres Francisco G., filed her Complaint and Application to proceed in forma pauperis on August 22, 2024. [Docs. 1, 2]. In the application, Plaintiff declared under penalty of perjury that her average monthly income during the past twelve (12) months was approximately $2,815.00 from disability payments and State of Mexico benefits. [Doc. 2, at 2]. Plaintiff reported having $75 in her checking account. *Id*. She also stated that she owned a 2004 Ford Explorer Sport Track worth approximately $3,000. *Id.* at 3. Her 14-yearold son relies on her for support. *Id.* Plaintiff said her monthly expenses total approximately $1,696.00, and she does

not anticipate any major changes to her income or expenses during the next 12 months. *Id.* at 4-5. Nor is she spending money on attorney's fees. *Id.* at 5.

## II.     LEGAL STANDARDS

The Court may authorize a litigant to prosecute or participate in a case without the prepayment of fees if she demonstrates that she is unable to pay such fees or give sufficient security to cover them. 28 U.S.C. § 1915(a)(1). This is known as granting in forma pauperis ("IFP") status.

> General factors that can be considered when deciding whether to grant IFP status include: whether the complaint is frivolous or malicious … ; whether the case concerns a prisoner, with special concern placed on prisoner complaints … ; and the nature of the mandatory and discretionary demands on the applicant's financial resources…. Additionally, a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute."

*Brewer v. City of Overland Park Police Dept.*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted). If an applicant's accounting generally demonstrates that her monthly income exceeds her monthly expenses then IFP status should be denied. *See id.* ("Based on Mr. Brewer's accounting … his monthly income exceeds his monthly expenses by a few hundred dollars. While there is no evidence that Mr. Brewer is acting in bad faith or attempting to take advantage of the system, it also appears that he had sufficient income to pay the filing fees at the time this appeal was sought."); *see also Williams v. Oklahoma*, 667 F. App'x 733, 734 (10th Cir. 2016) (Affirming the denial of IFP status where the district court calculated the difference between the applicant's income and expenses to be between $440.00 and $550.00 per month).

Plaintiff's case was randomly assigned to the undersigned Magistrate Judge, "rather than a District Judge, to preside over all dispositive motions, evidentiary hearings and trial, upon consent of the parties." *See* Guide for Pro Se Litigants, 10 (available at https://www.nmd.uscourts.gov/representing-yourself-pro-se) (accessed on October 21, 2024). If the Court were to grant Plaintiff's application, the case would continue to be assigned to the

undersigned Magistrate Judge until the Commissioner was served, had the opportunity to answer, and both parties had an opportunity to consent to the presiding Magistrate Judge. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b); D.N.M.LR-Civ. 73.1(b). However, absent such consent, a Magistrate Judge cannot deny an application to proceed in forma pauperis. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Instead, a Magistrate Judge may only recommend denial of in forma pauperis status, meaning that a District Judge must be assigned for the purpose of reviewing the Magistrate Judge's recommendation de novo. 28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

Applying these cases to the instant facts, the Court concludes that Plaintiff has failed to demonstrate that she qualifies for IFP status. Even considering the support she provides her son, by her accounting, Plaintiff's monthly income exceeds her expenses by $1,119 and she owns a vehicle worth $3,000. The current filing fee for instituting any civil case in this district is a on-time payment of $405.00, which is comprised of a $350.00 filing fee and a $55.00 administrative fee. *See* Schedule of Fees (available at https://www.nmd.uscourts.gov/schedule-fees) (accessed on October 21, 2024). Plaintiff has not shown she is unable to pay the filing fee. Thus, she should not be granted IFP status in this case. Because the Court is not granting IFP status, a district judge must be assigned to review this recommendation after Plaintiff has time to object.

### IV.   CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], be **denied**. The Clerk shall assign a district judge to this case to review this recommendation.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen- day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**